UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>V.<br><br>FIFTY-THREE THOUSAND EIGHT<br>HUNDRED FORTY-THREE DOLLARS<br>AND 23/100 ($53,843.23)UNITED STATES<br>CURRENCY,<br>　　　　Defendant, | §<br>§<br>§<br>§　CIVIL NO.: L-13-64<br>§<br>§<br>§<br>§<br>§<br>§ |

## COMPLAINT FOR FORFEITURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the United States of America, Plaintiff in the above entitled and numbered cause, by and through its United States Attorney for the Southern District of Texas and its Assistant United States Attorney assigned to this matter, and files this Complaint for Forfeiture against FIFTY-THREE THOUSAND EIGHT HUNDRED FORTY-THREE DOLLARS AND 23/100THS ($53,843.23), hereinafter Defendant Currency and would respectfully show the Court the following:

I.

Jurisdiction is conferred upon this Court by virtue of Title 28, United States Code, Sections 1345 and 1355.

II.

This Court is a proper venue for this matter pursuant to Title 28, United States Code, Section 1395.

III.

The Defendant Currency is within the jurisdiction of the Court having been seized by the

Internal Revenue Service on November 15, 2012 pursuant to a seizure warrant executed upon Falcon International Bank account number XXXXX3917 located in Laredo, Texas..

IV.

The Defendant Currency represents funds in a bank account which were property involved in, or traceable to property involved in, structuring to avoid currency reporting requirements in violation of 18 U.S.C. § 5324(a). As such, the Defendant Currency are subject to seizure and forfeiture pursuant to 18 U.S.C. §§ 981(b) and 984 and 31 U.S.C. § 5317(c).

V.

In support of the assertions in paragraph IV., Plaintiff would respectfully show the Court the following:

**A. Statutory Authorization**

1.  Title 31, United States Code, section 5313 and 31 C.F.R. 103 of the Bank Secrecy Act (BSA) requires any financial institution that engages with a customer in a currency transaction involving monetary instruments (specifically including a deposit or withdrawal) in excess of $10,000 to report the transaction to the Internal Revenue Service on Department of the Treasury FinCEN Form 104, Currency Transaction Report ("CTR"). These regulations also require that multiple currency transactions be treated as a single transaction if the financial institution has knowledge that they are by, or on behalf of, the same person or entity and the combined deposit or withdrawal result in currency either received or disbursed by the financial institution totaling more than $10,000 during any one business day. Falcon International Bank is a financial institution as defined in 31 U.S.C. 5312(a)(2).

2.  Individuals who are aware of the currency reporting requirements and take active steps to attempt to cause a financial institution to fail to file a CTR, are involved in "smurfing" or

"structuring" which involves making multiple cash deposits, in amounts no greater than $10,000, to multiple banks and/or branches of the same bank on the same day or consecutive days. Structuring is prohibited by 31 U.S.C. 5324(a)(3).

3. 31 U.S.C. § 5317 provides for the forfeiture of any property involved in a violation of §5313, § 5316, or § 5324, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy. It is further provided that the property shall be forfeited in accordance with 18 U.S.C. § 981(a)(1)(A).

4. 18 U.S.C. § 984 provides that, in any forfeiture action in rem in which the subject property is funds deposited in an account in a financial institution, the government does not have to identify the funds involved in the offense that is the basis for the forfeiture; it is no defense that those funds have been removed and replaced by other funds; and identical funds found in the same account as the funds involved in the forfeiture offense are subject to forfeiture. In essence, 18 U.S.C. § 984 allows the government to seize for forfeiture identical property found in the same place where the "guilty" property had been kept.

18 U.S.C. § 984, however, does not allow the government to reach back in time for an unlimited period; a forfeiture action-including a seizure-against property not directly traceable to the offense that is the basis for the forfeiture cannot be commenced more than a year from the date of the commission of the underlying structuring offense. In the instant case, the last date of offense known is July 12, 2012.

**B. Summary of Probable Cause**

1. The IRS Criminal Investigation Division received information concerning suspicious currency transactions involving six separate individuals' and entities' accounts at various banks. The identifying information for these accounts follows in the chart below.

| Account Holder(s) | Bank | Account Number | Type of Account | Date Opened |
|---|---|---|---|---|
| Matrix Construction/ Mario Regalado | Compass | XXXXXX2235 | Checking | 10/04/2011 |
| Nidia Regalado | B of A | XXXXXXXX8827 | Checking | 10/28/2011 |
| Nidia Regalado | B of A | XXXXXXXX3801 | Checking | 09/29/2009 |
| Miguel A. Regalado/ Miguel C. Regalado | Falcon | XXXXX3917 | Checking | 08/06/2009 |
| Miguel C. Regalado | B of A | XXXXXXXX4729 | Checking | 06/06/2011 |
| Miguel A. Regalado | Wells Fargo | XXXXXX3959 | Checking | 10/04/2011 |
| Mario Regalado | Wells Fargo | XXXXXX1209 | Checking | 12/24/2011 |
| Mario Regalado | Wells Fargo | XXXXXX2330 | Savings | 12/24/2011 |
| Border Int. Svcs./ Mario Regalado | Wells Fargo | XXXXXX6036 | Checking | 01/03/2012 |
| Border Int. Svcs./ Mario Regalado | Wells Fargo | XXXXXX3763 | Savings | 01/03/2012 |

2. Miguel C. Regalado and Nidia Regalado are believed to be the parents of brothers Miguel A. Regalado and Mario Regalado. Mario Regalado is the owner and operator of Matrix Construction Company ("Matrix"). The address for "Matrix" is the same as two money service businesses (MSBs) registered with the Financial Crimes Enforcement Network (FinCEN). One of these is Border International Services which is owned and operated by Mario Regalado, and the other is Best Rate Exchange which is purportedly owned and operated by Nidia Regalado. Both MSBs are also registered as money service businesses with the Texas Department of Banking.

3. The location identified as the offices of the two MSBs and Matrix, 1302 Santa Ursula Avenue, Laredo, Texas, appears to be a gas station and a convenience store known as Paisano Exxon which is owned and operated by Miguel A. Regalado.

4. On file in the FinCEN database of Bank Secrecy Act documents are numerous currency transaction reports (CTRs) for calendar years 2011 and 2012 filed by Best Rate Exchange and

completed by Miguel A. Regalado, which report currency exchanges performed by Mario Regalado on behalf of Border International Services. These CTRs generally report the purchase of Mexican pesos with U.S. dollars. Conversely, CTRs on file for 2011 report Miguel A. Regalado's conversion of pesos to dollars on behalf of Best Rate Exchange at Border International Services. The CTRs were completed by Mario Regalado. Dozens of CTRs from 2011 and 2012 are also on file documenting transactions in which Mario Regalado and Miguel A. Regalado, on behalf of Border International Services and Best Rate Exchange, exchanged currency with other money service businesses. The filing of the CTRs indicate a knowledge of the currency transaction reporting requirement of Title 31 U.S.C. § 5313 and 31 C.F.R. 103 of the Bank Secrecy Act.

5. A review of BBVA Compass Bank account XXXXXX2235 in the name of Matrix Construction Company showed 27 cash deposits totaling $209,500 during calendar year 2012 through August 6. Only one of these cash deposits, a $15,000 deposit on March 30, 2012, exceeded $10,000. A CTR filed by BBVA Compass Bank and on file with the IRS states that Mario Regalado conducted the $15,000 deposit. The form indicates BBVA Compass Bank confirmed Mario Regalado's identity by examining his Texas driver's license. The customer closed this account on or about October 12, 2012.

6. A review of Bank of America account XXXXXXXX8827 in the name of Nidia Regalado showed 46 separate cash deposits totaling $312,712 during calendar year 2012 through July 27, 2012. No single deposit exceeded $10,000. Bank of America closed this account in mid-August 2012.

7. A review of Bank of America account XXXXXXXX3801 in the name of Nidia Regalado showed 20 separate cash deposits totaling $19,491.36 during calendar year 2012 through July 16,

2012. No single deposit exceeded $10,000. Bank of America closed this account in mid-August 2012.

8. An employee of the Bank of America Mall del Norte branch identified Nidia Regalado as the individual who made numerous cash deposits to her own accounts. The employee remembered one particular occasion in which Mario Regalado accompanied Nidia Regalado to the branch to make a cash deposit exceeding $10,000 that was split between two different accounts.

9. A review of Bank of America account XXXXXXXX4729 in the name of Miguel C. Regalado showed 11 separate cash deposits totaling $77,460 during calendar year 2012 through July 11, 2012. Only one of these cash deposits, $20,000 on June 11, exceeded $10,000. A CTR filed by Bank of America and on file with IRS states that Miguel A. Regalado made the $20,000 deposit into his father's account. The form indicates Bank of America confirmed Miguel A. Regalado's identity by examining his Texas driver's license. Bank of America closed this account in mid-August 2012.

10. A review of Falcon International Bank account XXXXX3917 in the name of Miguel C. Regalado and Miguel A. Regalado showed ten separate cash deposits totaling $65,801.46 during calendar year 2012 through August 1, 2012. No single deposit exceeded $10,000.

11. A review of Wells Fargo Bank account XXXXXX6036 in the name of Border International Services and Mario Regalado showed 26 separate cash deposits totaling $225,600 during calendar year 2012 through July 9. Only three of the cash deposits, $12,000 on March 9, $15,000 on March 13, and $15,000 on April 9, 2012 exceeded $10,000. All CTRs filed by Wells Fargo indicate

Mario Regalado conducted the transactions. According to the CTRs, Wells Fargo confirmed Mario Regalado's identity by examining his Texas driver's license.

12. A review of Wells Fargo Bank account XXXXXX3763 in the name of Border International Services and Mario Regalado showed six separate cash deposits totaling $34,000 during calendar year 2012 through June 11, 2012. No single deposit exceeded $10,000.

13. A review of Wells Fargo Bank account XXXXXX1209 in the name of Mario Regalado showed seven separate cash deposits totaling $53,000 during calendar year through July 9. No single deposit exceeded $10,000.

14. A review of Wells Fargo Bank account XXXXXX2330 in the name of Mario Regalado showed three separate cash deposits totaling $20,872 during calendar year 2012 through June 9, 2012. No single deposit exceeded $10,000.

15. A review of Wells Fargo Bank account XXXXXX3959 in the name of Miguel A. Regalado showed 26 separate cash deposits totaling $182,540.91 during calendar year 2012 through July 31, 2012. One deposit, $15,000 on March 30, 2012, exceeded $10,000. Wells Fargo filed a CTR which identified Miguel A. Regalado as the conductor of the transaction, and the bank verified his identity by examining an identity document.

16. An examination of the cash deposits to all bank accounts discussed herein uncovered a pattern involving large deposits to accounts at different banks owned and controlled by members of the Regalado family on the same day that individually are less than $10,000 but when aggregated, exceed $10,000. There are also multiple deposits to the same account on the same day that individually are less than $10,000 but when combined, exceed $10,000. For most of these same

account, same day deposits, or deposits made into multiple accounts at the same bank by the same individual, the respective banks filed CTRs indicating that multiple transactions triggered the requirement to file a CTR. The six isolated instances in which individual deposits exceeded $10,000 each account for less than four percent (six of 156) of the large individual cash deposits cited herein. All six such deposits occurred on days on which cash was structured into other accounts. Those amounts have been excluded from the overall scheme and from the monies sought in connection with this forfeiture action, as indicated in the table below.

17. The following table summarizes cash deposits from the various bank accounts discussed herein. The chart summarizes only the cash deposit transactions that appear to be designed to circumvent currency reporting requirements, in violation of 31 U.S.C. § 5324(a)(1) and (3). It also details the few occasions on which deposits exceeding $10,000 occurred. The distinction between the business date and the calendar date listed occurred because of the banks' accounting methods in which some deposits occurred on one day but did not officially record on the banks' books until the following business day. From January 1, 2012 through the present, the total amount of funds structured into these bank accounts totaled $1,068,909.

| Bus. Date | Calendar Date | Cash Deposit | Bank | Bank Account And Owner |
|---|---|---|---|---|
| 1/3/2012 | 1/3/2012 | 10,000.00 | Compass | 2235-Matrix |
| 1/3/2012 | 1/3/2012 | 5,000.00 | B of A | 8827-Nidia |
| 1/3/2012 | 1/3/2012 | 8,000.00 | B of A | 8827-Nidia |
| 1/3/2012 | 1/3/2012 | 4,000.00 | Wells Fargo | 3763-BIS/Mario |
| 1/3/2012 | 1/3/2012 | 4,000.00 | Wells Fargo | 6036-BIS/Mario |
| 1/3/2012 | 1/3/2012 | 5,000.00 | Wells Fargo | 3959-Miguel |
| | | | | |
| 1/4/2012 | 1/4/2012 | 6,000.00 | Wells Fargo | 3959-Miguel |
| 1/4/2012 | 1/4/2012 | 4,915.00 | Wells Fargo | 3959-Miguel |
| 1/4/2012 | 1/4/2012 | 9,000.00 | Wells Fargo | 2330-Mario |
| 1/4/2012 | 1/4/2012 | 6,872.00 | Wells Fargo | 2330-Mario |

| | | | | |
|---|---|---|---|---|
| 1/4/2012 | 1/4/2012 | 3,000.00 | Wells Fargo | 1209-Mario |
| 1/9/2012 | 1/9/2012 | 10,000.00 | Falcon | 3917-Miguel Sr. |
| 1/10/2012 | 1/10/2012 | 7,000.00 | B of A | 8827-Nidia |
| 1/10/2012 | 1/10/2012 | 7,000.00 | Wells Fargo | 3959-Miguel |
| 1/11/2012 | 1/11/2012 | 9,000.00 | Compass | 2235-Matrix |
| 1/11/2012 | 1/11/2012 | 9,000.00 | Wells Fargo | 3763-BIS/Mario |
| 1/12/2012 | 1/12/2012 | 9,000.00 | Compass | 2235-Matrix |
| 1/12/2012 | 1/12/2012 | 9,000.00 | B of A | 8827-Nidia |
| 1/12/2012 | 1/12/2012 | 9,000.00 | B of A | 8827-Nidia |
| 1/12/2012 | 1/12/2012 | 9,000.00 | Wells Fargo | 6036-BIS/Mario |
| 1/12/2012 | 1/12/2012 | 4,000.00 | Wells Fargo | 3959-Miguel |
| 1/17/2012 | 1/17/2012 | 2,000.00 | B of A | 4729-Miguel Sr. |
| 1/17/2012 | 1/17/2012 | 5,000.00 | B of A | 8827-Nidia |
| 1/17/2012 | 1/17/2012 | 8,000.00 | Falcon | 3917-Miguel Sr. |
| 1/17/2012 | 1/17/2012 | 5,000.00 | Wells Fargo | 3959-Miguel |
| 1/18/2012 | 1/18/2012 | 5,000.00 | B of A | 8827-Nidia |
| 1/19/2012 | 1/19/2012 | 5,050.00 | B of A | 8827-Nidia |
| 1/19/2012 | 1/19/2012 | 5,000.00 | Wells Fargo | 3763-BIS/Mario |
| 1/19/2012 | 1/19/2012 | 5,000.00 | Wells Fargo | 6036-BIS/Mario |
| 1/23/2012 | 1/21/2012 | 7,000.00 | Compass | 2235-Matrix |
| 1/23/2012 | 1/23/2012 | 8,000.00 | Compass | 2235-Matrix |
| 1/23/2012 | 1/23/2012 | 5,400.00 | B of A | 8827-Nidia |
| 1/23/2012 | 1/23/2012 | 7,000.00 | B of A | 8827-Nidia |
| 1/23/2012 | 1/23/2012 | 6,000.00 | Wells Fargo | 3763-BIS/Mario |
| 1/23/2012 | 1/23/2012 | 9,000.00 | Wells Fargo | 6036-BIS/Mario |
| 1/24/2012 | 1/24/2012 | 7,000.00 | Wells Fargo | 6036-BIS/Mario |
| 1/25/2012 | 1/25/2012 | 9,700.00 | B of A | 4729-Miguel Sr. |
| 1/30/2012 | 1/30/2012 | 9,800.00 | Compass | 2235-Matrix |
| 1/30/2012 | 1/30/2012 | 10,000.00 | B of A | 8827-Nidia |
| 1/31/2012 | 1/31/2012 | 5,000.00 | Wells Fargo | 3959-Miguel |
| 2/1/2012 | 2/1/2012 | 3,000.00 | B of A | 8827-Nidia |
| 2/3/2012 | 2/3/2012 | 3,260.00 | B of A | 4729-Miguel Sr. |
| 2/3/2012 | 2/3/2012 | 7,000.00 | Falcon | 3917-Miguel Sr. |

| 2/8/2012 | 2/8/2012 | 1,700.00 | B of A | 3801-Nidia |
|---|---|---|---|---|
| 2/8/2012 | 2/8/2012 | 8,000.00 | Wells Fargo | 3959-Miguel |
| 2/9/2012 | 2/9/2012 | 4,234.00 | B of A | 8827-Nidia |
| | | | | |
| 2/10/2012 | 2/10/2012 | 2,500.00 | Compass | 2235-Matrix |
| 2/10/2012 | 2/10/2012 | 1,099.00 | B of A | 3801-Nidia |
| 2/10/2012 | 2/10/2012 | 7,500.00 | B of A | 8827-Nidia |
| | | | | |
| 2/28/2012 | 2/28/2012 | 9,700.00 | Falcon | 3917-Miguel Sr. |
| 2/29/2012 | 2/29/2012 | 7,000.00 | Compass | 2235-Matrix |
| 2/29/2012 | 2/29/2012 | 8,000.00 | Wells Fargo | 1209-Mario |
| | | | | |
| 3/5/2012 | 3/5/2012 | 7,500.00 | Compass | 2235-Matrix |
| 3/5/2012 | 3/5/2012 | 5,000.00 | B of A | 8827-Nidia |
| 3/5/2012 | 3/5/2012 | 7,500.00 | Wells Fargo | 6036-BIS/Mario |
| 3/5/2012 | 3/5/2012 | 5,000.00 | Wells Fargo | 3959-Miguel |
| 3/7/2012 | 3/7/2012 | 5,000.00 | Compass | 2235-Matrix |
| | | | | |
| 3/9/2012 | 3/9/2012 | 8,000.00 | B of A | 8827-Nidia |
| 3/9/2012 | 3/9/2012 | 12,000.00 | Wells Fargo | 6036-BIS/Mario |
| | | | | |
| 3/12/2012 | 3/12/2012 | 8,000.00 | Compass | 2235-Matrix |
| 3/12/2012 | 3/12/2012 | 1,000.00 | B of A | 3801-Nidia |
| 3/12/2012 | 3/12/2012 | 8,000.00 | B of A | 8827-Nidia |
| 3/12/2012 | 3/12/2012 | 9,000.00 | B of A | 8827-Nidia |
| 3/12/2012 | 3/12/2012 | 8,000.00 | Wells Fargo | 6036-BIS/Mario |
| 3/12/2012 | 3/12/2012 | 9,000.00 | Wells Fargo | 3959-Miguel |
| | | | | |
| 3/13/2012 | 3/13/2012 | 5,000.00 | Compass | 2235-Matrix |
| 3/13/2012 | 3/13/2012 | 15,000.00 | Wells Fargo | 6036-BIS/Mario |
| | | | | |
| 3/19/2012 | 3/19/2012 | 7,000.00 | Compass | 2235-Matrix |
| 3/19/2012 | 3/19/2012 | 4,900.00 | B of A | 8827-Nidia |
| 3/19/2012 | 3/19/2012 | 7,000.00 | Wells Fargo | 6036-BIS/Mario |
| 3/20/2012 | 3/20/2012 | 6,000.00 | B of A | 8827-Nidia |
| | | | | |
| 3/26/2012 | 3/26/2012 | 7,000.00 | Compass | 2235-Matrix |
| 3/26/2012 | 3/26/2012 | 2,348.00 | B of A | 8827-Nidia |
| 3/26/2012 | 3/26/2012 | 5,000.00 | B of A | 8827-Nidia |
| 3/26/2012 | 3/26/2012 | 5,000.00 | B of A | 8827-Nidia |
| 3/26/2012 | 3/26/2012 | 5,000.00 | Wells Fargo | 6036-BIS/Mario |
| | | | | |
| 3/27/2012 | 3/27/2012 | 5,000.00 | Compass | 2235-Matrix |

| 3/27/2012 | 3/27/2012 | 10,000.00 | B of A | 8827-Nidia |
|---|---|---|---|---|
| 3/28/2012 | 3/28/2012 | 1,100.00 | B of A | 3801-Nidia |
| | | | | |
| 3/30/2012 | 3/30/2012 | 15,000.00 | Compass | 2235-Matrix |
| 3/30/2012 | 3/30/2012 | 10,000.00 | B of A | 8827-Nidia |
| 3/30/2012 | 3/30/2012 | 10,000.00 | Wells Fargo | 6036-BIS/Mario |
| 3/30/2012 | 3/30/2012 | 15,000.00 | Wells Fargo | 3959-Miguel |
| | | | | |
| 4/2/2012 | 3/31/2012 | 10,000.00 | Compass | 2235-Matrix |
| 4/2/2012 | 4/2/2012 | 600.00 | B of A | 4729-Miguel Sr. |
| 4/2/2012 | 4/2/2012 | 10,000.00 | B of A | 8827-Nidia |
| 4/2/2012 | 4/2/2012 | 10,000.00 | Wells Fargo | 3959-Miguel |
| 4/2/2012 | 4/1/2012 | 10,000.00 | Wells Fargo | 1209-Mario |
| | | | | |
| 4/9/2012 | 4/9/2012 | 8,000.00 | Compass | 2235-Matrix |
| 4/9/2012 | 4/9/2012 | 10,000.00 | Wells Fargo | 3959-Miguel |
| 4/9/2012 | 4/9/2012 | 5,000.00 | Wells Fargo | 1209-Mario |
| 4/9/2012 | 4/9/2012 | 15,000.00 | Wells Fargo | 6036-BIS/Mario |
| | | | | |
| 4/16/2012 | 4/16/2012 | 8,000.00 | B of A | 8827-Nidia |
| 4/16/2012 | 4/16/2012 | 1,600.00 | Wells Fargo | 3959-Miguel |
| | | | | |
| 4/18/2012 | 4/18/2012 | 5,000.00 | B of A | 8827-Nidia |
| 4/18/2012 | 4/18/2012 | 9,000.00 | Wells Fargo | 3959-Miguel |
| | | | | |
| 4/20/2012 | 4/20/2012 | 10,000.00 | Wells Fargo | 6036-BIS/Mario |
| 4/23/2012 | 4/23/2012 | 5,000.00 | B of A | 8827-Nidia |
| | | | | |
| 4/25/2012 | 4/25/2012 | 8,000.00 | Compass | 2235-Matrix |
| 4/25/2012 | 4/25/2012 | 10,000.00 | B of A | 8827-Nidia |
| 4/25/2012 | 4/25/2012 | 10,000.00 | Wells Fargo | 6036-BIS/Mario |
| 4/25/2012 | 4/25/2012 | 10,000.00 | Wells Fargo | 3959-Miguel |
| | | | | |
| 5/14/2012 | 5/14/2012 | 2,101.36 | B of A | 3801-Nidia |
| 5/14/2012 | 5/14/2012 | 8,000.00 | B of A | 8827-Nidia |
| 5/14/2012 | 5/14/2012 | 2,000.00 | Falcon | 3917-Miguel Sr. |
| 5/14/2012 | 5/14/2012 | 8,000.00 | Wells Fargo | 6036-BIS/Mario |
| 5/14/2012 | 5/14/2012 | 8,000.00 | Wells Fargo | 3959-Miguel |
| | | | | |
| 5/21/2012 | 5/19/2012 | 9,000.00 | Compass | 2235-Matrix |
| 5/21/2012 | 5/21/2012 | 9,000.00 | Wells Fargo | 6036-BIS/Mario |
| 5/23/2012 | 5/23/2012 | 9,600.00 | B of A | 8827-Nidia |

| | | | | |
|---|---|---|---|---|
| 5/29/2012 | 5/29/2012 | 9,000.00 | B of A | 8827-Nidia |
| 5/29/2012 | 5/29/2012 | 10,000.00 | Wells Fargo | 6036-BIS/Mario |
| 5/29/2012 | 5/26/2012 | 8,905.00 | Compass | 2235-Matrix |
| 5/30/2012 | 5/30/2012 | 10,000.00 | Wells Fargo | 3959-Miguel |
| | | | | |
| 6/4/2012 | 6/4/2012 | 2,900.00 | Wells Fargo | 3959-Miguel |
| 6/5/2012 | 6/5/2012 | 10,000.00 | B of A | 8827-Nidia |
| 6/5/2012 | 6/5/2012 | 5,000.00 | Wells Fargo | 3959-Miguel |
| 6/6/2012 | 6/6/2012 | 10,000.00 | Compass | 2235-Matrix |
| 6/6/2012 | 6/6/2012 | 10,000.00 | Wells Fargo | 6036-BIS/Mario |
| | | | | |
| 6/11/2012 | 6/9/2012 | 10,000.00 | Wells Fargo | 1209-Mario |
| 6/11/2012 | 6/9/2012 | 5,000.00 | Wells Fargo | 3763-BIS/Mario |
| 6/11/2012 | 6/11/2012 | 20,000.00 | B of A | 4729-Miguel Sr. |
| 6/11/2012 | 6/11/2012 | 10,000.00 | B of A | 8827-Nidia |
| 6/11/2012 | 6/11/2012 | 10,000.00 | Falcon | 3917-Miguel Sr. |
| 6/11/2012 | 6/9/2012 | 10,000.00 | Compass | 2235-Matrix |
| 6/11/2012 | 6/11/2012 | 5,000.00 | Wells Fargo | 3763-BIS/Mario |
| 6/11/2012 | 6/11/2012 | 10,000.00 | Wells Fargo | 6036-BIS/Mario |
| 6/11/2012 | 6/9/2012 | 10,000.00 | Wells Fargo | 3959-Miguel |
| 6/11/2012 | 6/9/2012 | 5,000.00 | Wells Fargo | 2330-Mario |
| | | | | |
| 6/13/2012 | 6/13/2012 | 10,000.00 | B of A | 4729-Miguel Sr. |
| 6/13/2012 | 6/13/2012 | 10,000.00 | B of A | 8827-Nidia |
| 6/13/2012 | 6/13/2012 | 10,000.00 | Falcon | 3917-Miguel Sr. |
| 6/13/2012 | 6/13/2012 | 9,000.00 | Compass | 2235-Matrix |
| 6/13/2012 | 6/13/2012 | 9,000.00 | Wells Fargo | 6036-BIS/Mario |
| | | | | |
| 6/18/2012 | 6/18/2012 | 9,000.00 | B of A | 8827-Nidia |
| 6/18/2012 | 6/18/2012 | 8,000.00 | Wells Fargo | 6036-BIS/Mario |
| 6/18/2012 | 6/18/2012 | 8,000.00 | Compass | 2235-Matrix |
| | | | | |
| 6/25/2012 | 6/25/2012 | 3,200.00 | B of A | 3801-Nidia |
| 6/25/2012 | 6/25/2012 | 10,000.00 | B of A | 8827-Nidia |
| 6/25/2012 | 6/25/2012 | 9,000.00 | B of A | 8827-Nidia |
| 6/25/2012 | 6/25/2012 | 10,000.00 | B of A | 4729-Miguel Sr. |
| | | | | |
| 7/3/2012 | 7/3/2012 | 1,525.00 | B of A | 3801-Nidia |
| 7/3/2012 | 7/3/2012 | 9,000.00 | B of A | 8827-Nidia |
| 7/3/2012 | 7/3/2012 | 9,000.00 | Compass | 2235-Matrix |
| 7/3/2012 | 7/3/2012 | 9,000.00 | Wells Fargo | 6036-BIS/Mario |
| 7/3/2012 | 7/3/2012 | 5,000.00 | Wells Fargo | 6036-BIS/Mario |
| 7/3/2012 | 7/3/2012 | 9,000.00 | Wells Fargo | 3959-Miguel |

| | | | | |
|---|---|---|---|---|
| 7/3/2012 | 7/3/2012 | 5,400.00 | Wells Fargo | 3959-Miguel |
| 7/3/2012 | 7/3/2012 | 9,000.00 | Wells Fargo | 1209-Mario |
| | | | | |
| 7/9/2012 | 7/9/2012 | 8,000.00 | B of A | 8827-Nidia |
| 7/9/2012 | 7/9/2012 | 7,900.00 | Wells Fargo | 6036-BIS/Mario |
| 7/9/2012 | 7/9/2012 | 7,000.00 | Wells Fargo | 3959-Miguel |
| 7/9/2012 | 7/9/2012 | 8,000.00 | Wells Fargo | 1209-Mario |
| 7/9/2012 | 7/9/2012 | 8,100.00 | Compass | 2235-Matrix |
| | | | | |
| 7/11/2012 | 7/11/2012 | 10,000.00 | B of A | 4729-Miguel Sr. |
| 7/12/2012 | 7/12/2012 | 5,000.00 | B of A | 8827-Nidia |
| | | | | |
| | | 1,160,909 | TOTAL | |
| | | 1,068,909 | TOTAL | (Less 6 Deposits Over $10,000) |

18. The use of multiple deposits on the same day, consecutive days, or over a short time, and the use of same day deposits into accounts at different banks, is consistent with a deliberate scheme to avoid the filing of CTRs. Typically, individuals who acquire cash in the course of their trades, businesses, or personal ventures routinely make significant cash deposits into their bank accounts. Moreover, such individuals routinely make deposits that do not consist of round numbers like $7,500, $8,000, $9,000, or $9,600. Instead, individuals who routinely acquire cash in their trades, businesses, or personal ventures generally deposit different amounts of money that are not even amounts, such as $5,642.00, $9,239.64, or $10,783.25. Also, when individuals who do not routinely make cash deposits over $5,000 actually make multiple cash deposits of amounts such as $7,500, $8,000, $9,000, or $9,600 over a short period of time, they are often breaking a larger amount of money into separate deposits of amounts less than $10,000.01 to avoid triggering the filing of a CTR by a bank. In short, when they do this, these individuals are engaging in structuring.

19. The chart of cash deposits set forth herein reveals how several different bank accounts are used for structuring and the breaking down of larger amounts of money to avoid the filing of CTRs. For example, on March 12, 2012, six separate cash deposits totaling $43,000 were made to five separate bank accounts of Regalado family members. Similarly, on June 13, 2012, five separate cash deposits totaling $48,000 were made into five different accounts of Regalado family members. No individual deposits in the examples mentioned exceeded $10,000, yet the total daily deposits to multiple accounts far exceeded the threshold.

20. Further analysis of all accounts involved in this case revealed that cash deposits to accounts were often followed immediately or within days by checks and wires to a handful of the same businesses and individuals in the Laredo, Texas area. The timing of cash deposits to multiple banks and accounts followed by disbursements to common individuals and businesses on the same or nearby dates suggests that the cash deposits were split among several different banks and accounts owned by the Regalado family members who acted together for a common purpose.

VI.

By reason of the foregoing, the Defendant Currency is subject to an Order of Forfeiture to the United States of America.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays as follows:

1. That Notice of Forfeiture issue according to the normal procedure of the court citing all persons having an interest in the Defendant Currency to appear on the return day of said process and make such Claim and Answer as they may have;

2. That a Judgment of Forfeiture be decreed against the Defendant Currency;

3. That following a Judgement of Forfeiture, the Defendant Currency be disposed of according to law; and

4.      For costs of this action, including costs of seizure, and for such additional relief to which Plaintiff may show itself entitled.

                                  Respectfully submitted,

                                  KENNETH MAGIDSON
                                UNITED STATES ATTORNEY

BY:        S/Mary Ellen Smyth
               Mary Ellen Smyth
               Assistant United States Attorney

...
...

## VERIFICATION

I, Bryan Hazel, Special Agent with the Department of Treasury, Internal Revenue Service, declare under penalty of perjury that I am one of the agents responsible for the investigation concerning this litigation. I have read the above Complaint for Forfeiture. Based upon the investigation conducted by myself, other agents of the Internal Revenue Service, and my review of that investigation, the information contained in paragraph V of the Complaint for Forfeiture is true and correct and establishes probable cause to seize and forfeit the Defendant Currency as set forth therein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 12 day of April, 2013.

Bryan Hazel, Special Agent
Department of Treasury
Internal Revenue Service
Laredo, Texas

SUBSCRIBED and SWORN to before me the undersigned Notary Public on this the 12 day of April, 2013.

3-9-2014

My Commission Expires

Notary Public for the State of Texas



NORA J. LONGORIA
MY COMMISSION EXPIRES
March 9, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>FIFTY-THREE THOUSAND EIGHT<br>HUNDRED FORTY-THREE DOLLARS<br>AND 23/100 ($53,843.23)UNITED STATES<br>CURRENCY,<br>Defendant, | § § § § § § § § § § § CIVIL NO.: L-13-64 |

## NOTICE OF FORFEITURE ACTION

Notice is hereby given that an action styled as shown above has been brought by the United States of America, Southern District of Texas, Laredo Division on seeking to forfeit the following:

**FIFTY-THREE THOUSAND EIGHT HUNDRED FORTY-THREE DOLLARS AND 23/100 ($53,843.23) UNITED STATES CURRENCY**

Said property was seized on November 15, 2012 by the Internal Revenue Service in Laredo, Texas.

Anyone claiming an interest in this property and wishing to contest this forfeiture action must file a Claim in the above-referenced case within sixty (60) days of the first day of internet publication at www.forfeiture.gov of this action or if you are being served with actual notice, then within thirty-five (35) days of having been sent actual notice of this action. The Claim must verified upon oath or solemn affirmation stating your interest in the property by which you claim a right to defend the forfeiture action. You must also file an Answer to the Complaint for Forfeiture within twenty-one (21) days after the filing of your Claim. Copies of both your Claim and Answer must be served upon: The United States of America, c/o U.S. Attorney's Office, Attn: Forfeiting Attorney,1100 Matamoros, Suite 200, Laredo, Texas 78040, and the U.S. District Clerk, 1300 Victoria St., Laredo, Texas 78040.

KENNETH MAGIDSON
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS

Notice sent: April 16, 2013
Claim due: May 21, 2013